I respectfully dissent from the majority's decision to deny A.A. Chandler's petition for certiorari review.
The opinion of the Court of Criminal Appeals states that "it is clear from the policy behind [§ 36-25-5, Ala. Code 1975,] that the term 'gain' is not intended to be a precise or comparative term, because it is the appearance of improprietythat this statute seeks to avoid." 615 So.2d at 106-107. (Emphasis added.) That court went on to state that the facts presented by the State sufficiently proved gain by showing that Chandler "had owned the property since 1948 and, although how he acquired the property and what, if anything, he paid for it is not included in the record, he most likely received gain in terms of taxable income upon the sale of the property."615 So.2d at 107. (Emphasis added.) I believe this Court should have granted Chandler's petition in order to determine if the State had indeed proved, beyond a reasonable doubt, that Chandler received "direct personal financial gain" from the transaction. See § 36-25-5(a).
 "Statutes often make it a crime for an officer to do or fail to do particular things set forth therein, such as being or becoming interested in contracts which he is authorized to make, securing the award of a public contract to a partnership or corporation of which he is a member or officer, or violating directives set forth in open meeting laws. Such statutes are to be construed strictly as ordinary penal statutes."
67 C.J.S. Officers § 257 (1978). "In criminal proceedings against public officers and *Page 112 
employees, the offense charged must be proven beyond a reasonable doubt." 67 C.J.S. Officers § 262 (1978).
Section 36-25-5 forbids a public official or employee from using his position "to obtain direct personal financial gain." A knowing and willful violation of this statute is punishable as a felony. See § 36-25-27(a)(1), Ala. Code 1975. However, the opinion of the Court of Criminal Appeals seems to sustain Chandler's conviction on the ground that the State was required to prove merely that Chandler "appeared" to have received direct personal financial gain from the sale of his property to the City of Vernon. I believe this is an incorrect statement of the State's burden of proof; I believe that under § 36-25-5 the State was required to prove that Chandler, knowingly and willfully, received actual, direct personal financial gain and to prove it beyond a reasonable doubt.
By dissenting from the denial of the writ, I should not be understood as saying that Chandler's conviction should be reversed. Rather, because Chandler alleges that the evidence submitted by the State was insufficient to prove that he received any gain and because I believe the Court of Criminal Appeals incorrectly stated the burden of proof, I believe this Court should grant the writ in order to examine the record and to determine if indeed Chandler's conviction was supported by sufficient evidence.